**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


ANGEL HERNANDEZ-CAMILLO,       :
                               :    Civil Action No. 05-3268 (FLW)
          Petitioner,          :
                               :
     v.                        :    OPINION
                               :
RONALD H. CATHEL, et al.,      :
                               :
          Respondents.         :
```

**APPEARANCES:**

    ANGEL HERNANDEZ-CAMILLO, Petitioner Pro Se
    #502543B
    New Jersey State Prison
    CN 861
    Trenton, New Jersey 08625

    JACK J. LIPARI, ESQ.
    Atlantic County Prosecutor
    4997 Unami Boulevard
    P.O. Box 2002
    Mays Landing, New Jersey 08330
    Counsel for Respondents

**WOLFSON**, District Judge

    This matter is before the Court on Petitioner Angel Hernandez-Camillo's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

On or about October 11, 1995, Angel Hernandez-Camillo was indicted in Atlantic County, New Jersey on the following charges: two counts of second degree burglary; one count of third degree possession of a weapon for an unlawful purpose; two counts of first degree robbery; and two counts of felony murder. Petitioner was tried before a jury from May 20, 1997 through June 4, 1997. The jury was unable to reach a verdict on the felony murder counts, but found petitioner guilty on all remaining counts.

On August 21, 1997, petitioner was sentenced to an extended term pursuant to the State's motion.  The court imposed an extended life term with a 25-year mandatory minimum for robbery (Count Five) and a consecutive ten-year prison term with a five-year parole disqualifier on the burglary count (Count Two).  The remaining convictions on the other counts were merged.  The State agreed to dismiss the felony murder counts and a separate indictment on drug charges.

Petitioner filed a direct appeal to the New Jersey Appellate Division on or about October 30, 1998.  (Ra1-Ra35).  On May 27, 1999, the Appellate Division affirmed the conviction, but reversed and remanded the burglary conviction for resentencing, finding that the consecutive maximum term for the burglary conviction was excessive.  (Ra92-Ra95).  The New Jersey Supreme Court denied certification on September 13, 1999.  (Ra131).

Petitioner was resentenced on July 2, 1999.  The sentencing merely removed the five-year parole disqualifier from the ten year consecutive sentence on the burglary conviction.  (Ra201-Ra203).  Petitioner again appealed.  By Order dated March 21, 2000 (but filed March 30, 2000), the Appellate Division directed that the ten-year consecutive sentence on the burglary conviction be modified to run concurrently.  (Ra206).  It appears from the record provided that an amended judgment was entered on March 30, 2000.  (Ra349).

Two years later, on or about May 14, 2002, petitioner submitted a state post-conviction relief ("PCR") petition for filing, which was later supplemented by assigned counsel on January 9, 2003.  (Ra153; Ra207-Ra212).  The State opposed the PCR petition.  (Ra213-Ra215).  Post-conviction relief was denied on May 27, 2003.  Petitioner appealed and the Appellate Division affirmed that denial by Opinion entered November 1, 2004. (Ra316-Ra321).  The New Jersey Supreme Court denied certification on February 16, 2005.  (Ra344).

Petitioner filed this § 2254 habeas petition on or about June 28, 2005.  The State filed an answer to the petition, with the relevant record, on September 13, 2005, raising the affirmative defense that the petition is time-barred under 28 U.S.C. § 2244(d).  Petitioner filed his objections to the answer on or about November 7, 2005.

## II. <u>STATEMENT OF CLAIMS</u>

Petitioner raises the following claims for habeas relief:

Ground A: ineffective assistance of trial counsel for

(a) failing to object to sentencing procedures and the State's motion for an extended term;

(b) failing to secure an expert witness at trial; and

(C) failing to object to prosecutor's improper remarks made during summation; and

Ground B: prosecutorial misconduct during trial and summation.

Petitioner asserts that he has exhausted all of his state court remedies with respect to these claims.

The State answered the petition alleging that petitioner's grounds for habeas relief are without merit or fail to state a claim of federal constitutional deprivation. Respondents also raise the affirmative defense that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). Respondents further assert that petitioner has procedurally defaulted on his claims.

III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

5

1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that

6

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[1] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[1] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[2]  However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims."  Miller, 145 F.3d at 618.  Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights.  Id.  There are three enumerated circumstances that would permit equitable tolling in the instant case:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum.  Jones, 195 F.3d at 159.  The Third Circuit has expressly held that, in non-capital cases, attorney

---

[2] Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

8

error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, a judgment of conviction and sentence was first entered on or about August 21, 1997, but after direct appeal, petitioner's sentence on the burglary conviction was reversed and remanded. Petitioner was resentenced on July 2, 1999, and again he filed an appeal. By Order filed on March 30, 2000, the

9

Appellate Division modified the sentence to run concurrently, and an amended judgment was entered.  There was no further appeal, nor was a petition for certification to the New Jersey Supreme Court filed.  Thus, giving petitioner the benefit of the 90 days to file a petition for certiorari with the United States Supreme Court, pursuant to Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13, even though he did not appeal from the modified sentence, petitioner's judgment of conviction became final, pursuant to 28 U.S.C. § 2244(d)(1), on June 20, 2000, 90 days after the Appellate Division modified petitioner's sentence on March 21, 2000.  Consequently, petitioner had one year from June 20, 2000, or until June 20, 2001 to bring his federal habeas petition under § 2254.

The Court also finds that there was no statutory tolling of the limitations period under § 2244(d)(2) before June 20, 2001 because petitioner did not file his state PCR application until May 14, 2002, almost one year after the AEDPA limitations period had expired.  The state PCR petition remained pending in state court until February 16, 2005, when the New Jersey Supreme Court denied certification from the Appellate Division's November 1, 2004 decision affirming the trial court's denial of post-conviction relief.  Petitioner filed his § 2254 petition on or about June 28, 2005, long after the limitations period had expired on June 20, 2001.

10

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161.  In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred.  The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court.  At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition.  Johnson, 314 F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run.  Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)).  Consequently, because there was no tolling under § 2244(d)(2) since the limitations period had already expired before a PCR petition was filed, the Court finds that this federal habeas petition is time-barred.

Moreover, petitioner offers no valid excuses, extraordinary or otherwise, for equitable tolling.  Rather, petitioner mistakenly argues that the limitations period should not have started to run until after New Jersey's five-year rule under N.J.Civ.R. 3:22-12 had expired because otherwise a strict application of AEDPA's one-year limitations period would effectively deprive petitioner of his procedural rights under state law.  (Petitioner's Objections to Answer, Docket Entry No. 13).  In this argument, petitioner suggests that state court rules regarding procedures for collateral relief should reset the date the one-year limitations period starts to run.  Petitioner urges that state court procedural rules should preempt AEDPa's statutory limitations period under 28 U.S.C. § 2244(d)(1), rather than have the federal statute preempt state court rules.  Alternatively, petitioner argues that equitable tolling should apply because he reasonably relied on New Jersey's five-year rule.

This argument clearly fails in light of the Third Circuit's ruling in <u>Johnson</u>.  Thus, at best, petitioner miscalculated the statutory period by failing to count from the date his sentence became final under § 2244(d)(1)(A).  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  <u>Fahey</u>, 240 F.3d at 244.  Moreover, even if petitioner was ignorant of the fact that the limitations

period began to run on June 20, 2000 when his sentence became final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, petitioner does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because petitioner failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

### IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the

13

prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

                                                s/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge

DATED: May 15, 2006